UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL ISHAM PITTMAN,** : | |
| Plaintiff : | CIV. ACTION NO. 3:24-CV-2203 |
| v. : | (JUDGE MANNION) |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, : | |
| Defendants : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the court concludes that the case is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The case will be dismissed without prejudice to plaintiff's right to file a new case if he subsequently obtains a separate writ of habeas corpus or other appropriate court order that either (1) concludes that the Pennsylvania Department of Corrections ("DOC") erroneously calculated his parole eligibility date, or (2) otherwise invalidates his underlying conviction or sentence.

**I.   BACKGROUND**

Plaintiff, Gabriel Isham Pittman, brings the instant case pursuant to 42 U.S.C. §1983 alleging that defendants, various employees of the DOC, violated his civil rights by erroneously calculating his minimum parole

eligibility date as December 7, 2024, rather than December 7, 2023. (Doc. 1). Pittman also advances a number of challenges to the legality and constitutionality of his underlying criminal conviction and sentence. (*Id.*) He filed the case on December 11, 2024, and the court received and docketed his complaint on December 20, 2024. (Doc. 1). Pittman additionally moved for leave to proceed *in forma pauperis*. (Doc. 2).

On January 6, 2025, the court denied Pittman's motion for leave to proceed *in forma pauperis*, finding that he is ineligible to proceed *in forma pauperis* because he has previously accrued "three strikes" under the terms of 28 U.S.C. §1915(g). (Doc. 6). The court ordered Pittman to pay the requisite filing fee within twenty-one days or the case would be dismissed without prejudice. (*Id.*) Pittman timely paid the filing fee on January 16, 2025.

**II.   DISCUSSION**

The court has screened plaintiff's complaint pursuant to 28 U.S.C. §1915A[1] and concludes that it fails to state a claim upon which relief may be granted because it is barred by *Heck*, 512 U.S. at 477.

---

[1] 28 U.S.C. §1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

2

Under *Heck*, a plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Claims challenging a state's parole eligibility calculation are subject to the *Heck* favorable termination rule. *See, e.g.*, *Harper v. DOC*, No. 3:16-CV-2366, 2018 WL 660924, at *2 (M.D. Pa. Feb. 1, 2018); *Cook v. Pa. DOC Personnel at SCI-Huntingdon*, No. 1:11-CV-259, 2011 WL 950138, at *2 (M.D. Pa. Mar. 16, 2011); *Benson v. N.J. State Parole Bd.*, 947 F. Supp. 827, 831-33 (D.N.J. 1996).

Here, Pittman asserts that DOC officials erroneously calculated his minimum parole eligibility date as December 7, 2024, rather than December

---

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

7, 2023. (Doc. 1). This claim is clearly barred by *Heck*. *See Harper*, 2018 WL 660924, at *2; *Cook*, 2011 WL 950138, at *2; *Benson*, 947 F. Supp. at 831-33.

Pittman's other claims are likewise barred by *Heck*. Although the exact nature of plaintiff's claims is not exactly clear, he appears to generally assert that: (1) he is being incarcerated as part of a conspiracy by the federal and state governments to deny a minimum number of parole applications in order to funnel federal funds to state prisons; (2) he is being illegally incarcerated because the federal government is commandeering the state government to continue incarcerating him in violation of the constitution; (3) his incarceration amounts to unconstitutional slavery; (4) his incarceration is based on racial discrimination; (5) he is being incarcerated in retaliation for previously challenging the legality of his conviction and sentence; and (6) two criminal sentences he has been given should be treated as concurrent sentences, rather than consecutive sentences. (*See generally* Doc. 1). All of these claims clearly constitute challenges to the legality of Pittman's conviction or sentence and are therefore subject to dismissal under *Heck*.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*,

515 F.3d at 245. The court will deny leave to file an amended complaint in the instant case as futile because Pittman's claims clearly fail as a matter of law. Dismissal of the case, however, will be without prejudice to Pittman's right to file a new case if he subsequently obtains a separate writ of habeas corpus or other appropriate court order that either (1) concludes that the DOC erroneously calculated his parole eligibility date, or (2) otherwise invalidates his underlying conviction or sentence. *See Heck*, 512 U.S. at 486-87.

### III.   CONCLUSION

For the foregoing reasons, this case will be dismissed. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated:   January 21, 2025**
24-2203-01