UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GABRIEL ISHAM PITTMAN,              :

                     Plaintiff    :    CIV. ACTION NO. 3:24-CV-2203

       v.                                  :            (JUDGE MANNION)

PENNSYLVANIA DEPARTMENT        :
OF CORRECTIONS, *et al.*,
              Defendants  :

### MEMORANDUM

    This is a prisoner civil rights case in which plaintiff asserts violations based on his ongoing imprisonment. The court previously dismissed the case as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The case is now before the court on plaintiff's motion for relief from that judgment. For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

    This case was filed on December 20, 2024. (Doc. 1). On January 21, 2025, the court dismissed the case pursuant to *Heck* without prejudice to plaintiff's right to file a new case if he subsequently obtained a writ of habeas corpus or other appropriate court order invalidating his underlying criminal conviction or sentence. (Docs. 7-8). The court denied plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil

1

Procedure 59 on April 30, 2025. (Doc. 10). Plaintiff filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 on May 28, 2025. (Doc. 11).

II. **DISCUSSION**

Federal Rule of Civil Procedure 60 allows a district court to grant relief from its final judgment based on one of six grounds:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P.60(b).

In this case, the court dismissed plaintiff's complaint as barred by *Heck*, which holds that a plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,"

2

must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff advances several arguments for relief from this judgment, none of which have merit.

Plaintiff's first argument is that his complaint may proceed without violating *Heck* because the sentence governing his imprisonment is unconstitutional. (Doc. 11 at 2-5). This argument puts the cart before the horse. Under *Heck*, it is not enough for a plaintiff to assert that his sentence is unconstitutional for a court to grant him damages; he must show that a prior judicial ruling has established that the sentence is unconstitutional. This court does not have the authority to rule on the constitutionality of his sentence during a civil damages proceeding when no prior judicial ruling has deemed the sentence unconstitutional or otherwise invalid.

Plaintiff's second argument is that his complaint does not violate *Heck* because the Pennsylvania Superior Court's decision in *Commonwealth v. Pittman*, 188 A.3d 536 (Pa. Super. Ct. Mar. 20, 2018), "called into question" the validity of his conviction and sentence. This argument is frivolous. The relevant Superior Court decision affirmed the dismissal of plaintiff's state

3

habeas petition as untimely; it did not in any way "call into question" or otherwise invalidate his sentence. *See generally Commonwealth v. Pittman*, No. 1977 MDA 2017, 2018 WL 1386793 (Pa. Super. Ct. Mar. 18, 2018).[1]

Plaintiff's third argument is that *Gustafson v. Springfield, Inc.*, 333 A.3d 651 (Pa. 2025) constitutes an intervening change in controlling law. This argument is frivolous. *Gustafson* does not address *Heck*, and even if it did, a decision by the Pennsylvania Supreme Court cannot overrule the United States Supreme Court on a question of federal constitutional law.

Plaintiff's fourth argument relates to *Herrera v. Agents of Pa. Bd. of Probation & Parole*, 132 F.4th 248, 256 (3d Cir. 2025). This argument was already raised—and rejected—in the court's decision denying plaintiff's Rule 59 motion. (*See* Doc. 10 at 2-3). As the court previously explained, although it is true under *Herrera* that a claim alleging that a prisoner has been held in custody beyond his maximum release date is not barred by *Heck*, the instant case is distinguishable from *Herrera* because plaintiff complains only that he is being held beyond his minimum release date, not

---

[1] The Superior Court's opinion is not included in the reported judgment in the A.3d reporter and is accordingly cited in its unreported format.

4

his maximum release date. (*Id.*) Thus, the instant case continues to be barred by *Heck* because it is a challenge to an ongoing lawful sentence.[2]

Plaintiff's sixth and final argument is that his complaint should be construed as asserting a claim based on the miscalculation of his parole eligibility date that is not barred by *Heck* because it is functionally an abuse of process claim. (Doc. 11 at 8-14). This argument is frivolous. As the court previously noted in dismissing this case, (*see* Doc. 7 at 3), claims challenging a state's parole eligibility calculation are subject to the *Heck* favorable termination rule. *See, e.g.*, *Harper v. DOC*, No. 3:16-CV-2366, 2018 WL 660924, at *2 (M.D. Pa. Feb. 1, 2018); *Cook v. Pa. DOC Personnel at SCI-Huntingdon*, No. 1:11-CV-259, 2011 WL 950138, at *2 (M.D. Pa. Mar. 16, 2011); *Benson v. N.J. State Parole Bd.*, 947 F. Supp. 827, 831-33 (D.N.J. 1996). Thus, because plaintiff has not presented a

---

[2] Plaintiff argues that contrary to the court's conclusion, he *has* been imprisoned beyond his maximum release date, because his current sentence is unconstitutional, and he is therefore being held beyond the maximum release date of a previous sentence. (Doc. 11 at 6-7). This argument presupposes the success of plaintiff's other argument that his claim may proceed despite the *Heck* bar because of plaintiff's assertion that his sentence is unconstitutional. As noted above, however, to proceed under *Heck*, plaintiff must show that a *previous* judicial ruling deemed his sentence unconstitutional and cannot simply assert that the sentence is unconstitutional in the instant case.

sufficient basis for reconsideration, his motion for relief from judgment will be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to alter or amend judgment is denied. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: November 21, 2025**
24-2203-02